WILLIAM CRAFTS *versus* INHABITANTS OF ELLIOTSVILLE.

The owner of real estate seized and sold on an execution against the town in which it is situated, cannot recover the value thereof against the town, (under the provisions of § 31 of c. 84 of R. S.,) where there has been such a non-compliance with the requirements of the statute, as to the levy and sale, that no title vested in the purchaser.

Where the statute required the officer to publish in his notice, "the names of such proprietors as are known to him, and, if the names are not known, the number of the lots," it is not a compliance, if the officer certify in his return "that the proprietors were *mostly* unknown" to him.

Nor where an adjournment of the sale was authorized "from day to day, not exceeding three days," if, from his return, it appears that he adjourned the sale from the sixteenth to the twenty-second day of the same month.

ON FACTS AGREED.

This was an action to recover of the defendants the value of certain lots of land in said town of Elliotsville, belonging to the plaintiff, which had been seized and sold on an execution, against the defendant and in favor of the city of Gardiner.

The action is founded upon the provisions of c. 117, § 45 of R. S. of 1841, (c. 84, § 31, of R. S. of 1857,) by which it is enacted that, where estate is thus taken, the owner may recover of the town the real value thereof.

*P. S. Merrill*, for the plaintiff.

*J. H. Rice*, for the defendants.

The questions presented by the case, and which were argued by the counsel, appear in the opinion of the Court, which was drawn up by

KENT, J.—The plaintiff in this suit claims to recover of the defendants the value of certain lots of land belonging to him, which he alleges were sold by a deputy sheriff to satisfy an execution against the town. The action is based upon § 45 of c. 117, of the statutes of 1841, the same reënacted in c. 84, § 31, of the statutes of 1857.

.Crafts *v.* Elliotsville.

The·plaintiff must show that his land has been legally seized and sold, and that the proceedings were such that he had lost his title, which has been transferred to the purchaser at the sheriff's sale.

It is well settled law, that· when an execution is extended upon lands, either by sale or levy, the title of the owner will not be divested unless all the statute requirements are complied with, and so appear·in the return of the officer.

The statute under which this sale was made, (c. 117, § 44, of the laws of 1841,) required the officer to publish in his notice "the names of such proprietors as are known to him of· the land which he proposes to sell," and "where the·names are not known, he shall publish the number of lots or divisions of said land."

It appears, from the return of the officer, that he did publish the numbers of lots and ranges, but did not publish the name of any proprietor, and assigns in his notice, as a reason for not so publishing the names, "that the proprietors thereof were mostly unknown to me;" and in his return averring, "such proprietors' names being so mostly unknown."

This is not a sufficient compliance with the statute requirement. The word "mostly" implies, that some were known, and, if any were known, the officer should have inserted the names of such persons, although, as to some of the lots, he did not know the proprietors.

The statute authorized an adjournment, if necessary, from day to day, not exceeding three days. The return shows, that the officer adjourned the sale from the 16th of April, the day named in the advertisement, to the 22d day of April. This was not an adjournment "from day to day," and was for more than three days. The sale therefore, for this cause also, was illegal. *Plaintiff nonsuit.*

TENNEY, C. J., and RICE, APPLETON, CUTTING and MAY, JJ., concurred.